FILED
2008 Sep-09 PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DEBORAH J. HORTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:06-CV-00117-VEH |
| | ) |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

On April 17, 2008, the magistrate judge's report and recommendation (Doc. #33) was entered on Defendant's Motion for Summary Judgment (Doc. #19),[1] and the parties were allowed therein eleven (11) days in which to file objections to the recommendations made by the magistrate judge. The report and recommendation proposes to grant summary judgment in favor of Defendant on bad faith (count II of Plaintiff's complaint) and to deny summary judgment on breach of contract (count I of Plaintiff's complaint).

---

[1] Filed on April 16, 2007.

On April 24, 2008, Plaintiff filed objections to the magistrate judge's report and recommendation relating to Plaintiff's bad-faith claim. (Doc. #34). On May 13, 2008, Defendant filed a response to Plaintiff's objections. (Doc. #37).

After the undersigned was drawn to review the case, on July 7, 2008, Plaintiff filed supplemental objections. (Doc. #38). On July 10, 2008, Defendant filed a Motion to Strike (Doc. #39) these supplemental objections as untimely.

After careful and independent consideration of the entire record on a *de novo* basis, including the magistrate judge's report and recommendation, the objections and supplemental objections thereto, and the response to the objections, Defendant's Motion to Strike is **DENIED**, Plaintiff's objections are **OVERRULED**, and the court hereby **ADOPTS** the report of the magistrate judge and **ACCEPTS** the recommendation subject to the following clarifications.

## I. Abnormal Bad Faith

In Plaintiff's supplemental objections, she quotes heavily from the case of *Jones v. Alfa Mut. Ins. Co.*, ___ So.2d ___, No. 1060179, 2008 WL 2406132 (Ala. June 13, 2008), and argues that it calls for a denial of summary judgment on Plaintiff's abnormal bad-faith failure-to-investigate claim. More specifically, Plaintiff maintains that *Jones* demonstrates how entering summary judgment on the

sufficiency of Defendant's investigation and statute of limitations grounds in this case is improper. As *Jones* is significantly distinguishable, the court disagrees.

*Jones* involved a property damage insurance claim as opposed to a disability benefits bad-faith case. The parties' dispute in *Jones* was over what was the cause of the damage to the plaintiffs' roof (*i.e.*, settlement of the house's foundation versus wind forces from Hurricane Opal). *Jones*, 2008 WL 2406132, at *2.

Therefore, the claim investigation (and related claim file) at issue in *Jones* versus the one here is dramatically different. This significant dissimilarity makes the application of *Jones* in the context of a disability failure-to-investigate case highly questionable and, at a minimum, certainly less meaningful than the opinion's relevancy to other similar property damage bad-faith lawsuits. The analogy that Plaintiff tries to make with *Jones* and her case is not a comparison between apples, and may not even be one between apples and oranges.

Nonetheless, turning to the substance of *Jones*, the plaintiffs sought relief for both normal and abnormal bad faith. "In the abnormal case, bad faith can consist of: 1) intentional or reckless failure to investigate a claim, 2) intentional or reckless failure to properly subject a claim to a cognitive evaluation or review, 3) the manufacture of a debatable reason to deny a claim, or 4) reliance on an ambiguous

portion of a policy as a lawful basis for denying a claim." *Jones*, 2008 WL 2406132, at *8 (citation and internal quotations omitted).

As the Supreme Court of Alabama made clear in *Jones*, the reversal of summary judgment on the plaintiffs' abnormal bad-faith failure-to-investigate claim was a very fact specific determination: "The following facts <u>taken as a whole</u> create a jury question." *Id.*, at *12 (emphasis added). One of those facts included the insurer's failure to physically examine the very roof that was the damaged structure which formed the basis of the plaintiffs' insurance claim.[2] *Jones*, 2008 WL 2406132, at *12.

Further, in *Jones*, the court never held that the proper framework for evaluating a failure-to-investigate case is to focus <u>solely</u> upon what the insurer failed to do as Plaintiff urges. (Doc. #38 at 4). Nor does *Jones* stand for the proposition that an insurance investigation <u>must</u> cover certain areas or issues or the insurer will be subject to suit for its failure to properly investigate the claim.

Instead, the *Jones* court listed the factual deficiencies with the property damage investigation in that particular case from which its decision to reverse on appeal

---

[2]Only after the plaintiffs' house had endured further damage from a fire did the insurer examine the roof upon a reinspection of the premises. *Jones*, 2008 WL 2406132, at *12.

flowed. In any event, the record of the disability investigation in this instance does not mirror the flagrant flaws at issue in *Jones*.³

Moreover, in reversing summary judgment on the plaintiffs' abnormal bad-faith claim in *Jones*, the court relied upon the earlier case of *State Farm Fire & Casualty Co. v. Slade*, 747 So.2d 293 (Ala. 1999), and explained how it "addressed a similar situation" (*i.e.*, a dispute over the source of damage to a retaining wall). *Jones*, 2008 WL 2406132, at *10. Unlike the situation in *Jones*, Plaintiff has not pointed to any

---

³In reaching this conclusion, the court has furthered considered the potential impact of the list of accident versus sickness questions outlined in Exhibit T on the summary judgment issue, which as Defendant notes (Doc. #37 at 4), Plaintiff raised in her objections to the magistrate's report (Doc. #34 at 14, 19-21, 34-35) but did not discuss in opposing summary judgment. (*See generally* Doc. #23). Under such procedural circumstances, this court may, but is not necessarily obligated to consider these lately raised contentions. *Stephens v. Tolbert*, 471 F.3d 1173, 1174 (11th Cir. 2006) (holding that district court's consideration of arguments not ever presented to magistrate judge does not constitute abuse of discretion); (Doc. #37 at 5).

As Defendant substantively responds to the merits, Plaintiff, without pointing to any specific supporting evidence, presumes that Defendant intentionally failed to use these questions when interviewing Plaintiff about her claim. (Doc. #37 at 7). The mere existence of this list certainly does not establish an intentional failure to use it. Nor has Plaintiff shown that the questions are a mandatory part of Defendant's review process that were intentionally ignored. (*Id.*). To the contrary, at the end of the list the author of the document, Margaret Fast, acknowledges that "[w]hile there is no formula with respect to interpreting the answers to the above, addressing these areas can help us in determining whether at the end of the analysis, the disability is more fairly attributable to accident or sickness." (Doc. #26 at Ex. T at 2 (emphasis added)). Therefore, Exhibit T does not preclude the entry of summary judgment in favor of Defendant on Plaintiff's abnormal bad-faith claim.

previously decided controlling opinion which, due to its similarities with this one, tends to substantiate that Plaintiff has adduced sufficient evidence to create a jury issue on the insufficiency of Defendant's investigation of her disability claim.[4]

## II.     Statute of Limitations

Similarly, *Jones* does not alter the analysis of Defendant's statute of limitations defense, which provides an alternative basis to grant summary judgment on Plaintiff's abnormal bad-faith claim. Unlike *Jones,* there is no lack of clarity in the language

---

[4]The court notes that, in her opposition to summary judgment, Plaintiff cites to the opinion of *Nationwide Mut. Ins. Co. v. Clay*, 525 So. 2d 1339 (Ala. 1987) as one in which "[a]bnormal bad faith in a disability insurance context was thoroughly discussed[.]" (Doc. #23 at 9). The court has studied the *Clay* decision and does not see a significant likeness of it to the circumstances of this one. In *Clay*, the Supreme Court of Alabama recited the various clearly and objectively refutable positions taken by the insurer over an "almost ten-month period in which bad faith refusal to pay was demonstrated[,]" including "a frivolous" one relating to the plaintiff's failure to undergo surgery and mitigate his damages. 525 So. 2d at 1344. As the *Clay* court then summarized: "The record is replete with examples of Nationwide's intentional failure to investigate Clay's claim. The tort of bad faith was recognized to deal with just this type of situation. Therefore, the trial court was correct in allowing the issue of bad faith to go to the jury." *Id.*, 525 So. 2d at 1344 (citations omitted). In contrast to *Clay*, the record here is not "replete with examples of [Defendant]'s intentional failure to investigate [Plaintiff]'s claim." *Id.* Furthermore, evidence that an insurer failed to "compl[y] with the letter of the claims manual" or exercised "bad judgment or negligence" in denying a claim is insufficient to meet Plaintiff's burden. *Singleton v. State Farm Fire & Cas. Co.*, 928 So. 2d 280, 286 (Ala. 2005). "[M]ore than bad judgment or negligence is required in a bad-faith action." *Id.* at 287 (citation omitted). Instead, Plaintiff must "adduce sufficient evidence of 'dishonest purpose' or 'breach of known duty, *i.e.*, good faith and fair dealing, through some motive of self-interest or ill will.'" *Id.* (citation omitted).

used by Defendant in finally denying Plaintiff's claim and "[t]here is [no] evidence that [Defendant] took actions subsequent to writing the letter that could have led [Plaintiff] to doubt whether [her] claim had been denied." *Id.*, 2008 WL 2406132, at *7.

Instead, when Defendant issued its second denial letter to Plaintiff on April 6, 2001, its position was clear and there was no indication that any further review of the claim would ensue.[5]  Moreover, Defendant's decision to continue benefits until January 27, 2004, is consistent with the contractual language that payment for disability caused by sickness (as opposed to injury) could extend for a maximum period of up to five (5) years. Under this provision, Plaintiff's benefits were ended just about one (1) month shy of this five (5)-year mark (*i.e.*, March 1, 1999, until January 27, 2004).

Moreover, neither the plaintiffs' education nor reading level played a role in the statute of limitations analysis in *Jones*. Therefore, *Jones* does not support Plaintiff's efforts to adjust the reasonable person standard to fit her specific profile

---

[5]Plaintiff did not file her complaint (Doc. #1) against Defendant until January 18, 2006, which is over four and one-half (4 1/2) years after the issuance of the final claim denial. The applicable statute of limitations for Plaintiff's bad-faith claim under Alabama law is two (2) years. *Jones*, 2008 WL 2406132, at *6 ("'The statute of limitations for bad faith claims arising on or after January 9, 1985, is for two years.'") (citation omitted).

for comprehension when assessing the appropriateness of a statute of limitations defense to an abnormal bad-faith failure-to-investigate claim. Furthermore, the court is unaware of any applicable controlling case authority that has adopted such an approach, particularly in the context of an unambiguous denial of a disability claim.[6]

Accordingly, subject to the above clarifications, Plaintiff's objections, including the supplement thereto, are **OVERRULED**, and the court further **ACCEPTS** the recommendations of the magistrate judge and it is, therefore,

**ORDERED**, **ADJUDGED** and **DECREED** that Defendant's Motion for Summary Judgment is due to be and hereby is **GRANTED** as to Plaintiff's claim of bad faith and such claim is **DISMISSED WITH PREJUDICE**. It is further **ORDERED**, **ADJUDGED** and **DECREED** that Defendant's Motion for Summary Judgment is due to be and hereby is **DENIED** with respect to Defendant's assertion of judicial estoppel and Plaintiff's claim of breach of contract. Further, because the court has considered the substance of Plaintiff's supplemental objections, Defendant's Motion to Strike on untimeliness grounds is **DENIED**.

---

[6]Similarly in the absence of any precedential authority, the court is not persuaded by Plaintiff's newly asserted position in her objections that Plaintiff's counsel's subjective knowledge of Defendant's claims practices (*see* Doc. #34 at 41-42), provides a legally sufficient basis to alter the analysis of the statute of limitations defense as applied to Plaintiff.

**DONE** and **ORDERED** this the 9th day of August, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge